# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| LARRY M. HENDERSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SOCIAL SECURITY ) <br> ADMINISTRATION, Commissioner, ) <br> ) <br> Defendant. ) | Case No.: 5:18-cv-00134-SGC |

## MEMORANDUM OPINION[1]

The plaintiff, Larry M. Henderson, appeals from the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Henderson timely pursued and exhausted his administrative remedies, and the Commissioner's decision is ripe for review pursuant to 42 U.S.C §§ 405(g) and 1383(c)(3). For the reasons discussed below, the Commissioner's decision is due to be reversed and remanded.

## I. Procedural History

Henderson has a high school education and has previously worked as a sandblaster and a cook. (Tr. at 84-85, 228). In his applications for DIB and SSI,

---

[1] The parties have consented to the exercise of full dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 18).

1

Henderson alleged he became disabled on October 1, 2014, as a result of motorcycle accident injuries and a steel rod in his leg. (*Id.* at 227). After his claims were denied, Henderson requested a hearing before an administrative law judge ("ALJ"). (*Id.* at 128). Following a hearing, the ALJ denied Henderson's claims. (*Id.* at 10-17). Henderson was fifty-three years old when the ALJ issued his decision. (*Id.* at 17, 102). After the Appeals Council denied review of the ALJ's decision (*id.* at 1-3), that decision became the final decision of the Commissioner, *see Frye v. Massanari*, 209 F. Supp. 2d 1246, 1251 (N.D. Ala. 2001) (citing *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). Thereafter, Henderson commenced this action. (Doc. 1).[2]

## II. Statutory and Regulatory Framework

To establish eligibility for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 416(i)(1)(A), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). Furthermore, a DIB claimant must show he was disabled between his alleged initial onset date and his date last insured. *Mason v. Comm'r of Soc. Sec.*, 430 F. App'x 830, 831 (11th Cir.

---

[2] The Appeals Council granted Henderson an extension of time to commence a civil action seeking review of the Commissioner's decision. (Tr. at 22).

2011) (citing *Moore v. Barnhart*, 405 F.3d 1209, 1211 (11th Cir. 2005); *Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979)). The Social Security Administration ("SSA") employs a five-step sequential analysis to determine an individual's eligibility for disability benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." *Id.* at §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in substantial gainful activity, the Commissioner will find the claimant is not disabled. *Id.* at §§ 404.1520(a)(4)(i) and (b), 416.920(a)(4)(i) and (b). At the first step, the ALJ determined Henderson met the Social Security Administration's insured status requirements through June 30, 2015, and has not engaged in substantial gainful activity since his alleged onset date of October 1, 2014. (Tr. at 12).

If the claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe physical or mental impairment or combination of impairments that has lasted or is expected to last for a continuous period of at least twelve months. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the Commissioner will find the claimant is not disabled. *Id.* at §§ 404.1520(a)(4)(ii) and (c), 416.920(a)(4)(ii) and

3

(c). At the second step, the ALJ determined Henderson has the following severe impairments: osteoarthritis and the residual effects of a leg fracture. (Tr. at 12).

If the claimant has a severe impairment or combination of impairments, the Commissioner must then determine whether the impairment or combination of impairments meets or equals one of the "Listings" found in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairment or combination of impairments meets or equals one of the Listings, the Commissioner will find the claimant is disabled. *Id.* at §§ 404.1520(a)(4)(iii) and (d), 416.920(a)(4)(iii) and (d). At the third step, the ALJ determined Henderson does not have an impairment or combination of impairments that meets or medically equals the severity of one of the Listings. (Tr. at 12-13).

If the claimant's impairment or combination of impairments does not meet or equal one of the Listings, the Commissioner must determine the claimant's residual functional capacity ("RFC") before proceeding to the fourth step. 20 C.F.R. §§ 404.1520(e), 416.920(e). At the fourth step, the Commissioner will compare an assessment of the claimant's RFC with the physical and mental demands of the claimant's past relevant work. *Id.* at §§ 404.1520(a)(4)(iv) and (e), 416.920(a)(4)(iv) and (e). If the claimant is capable of performing his past relevant work, the Commissioner will find the claimant is not disabled. *Id.* at §§

404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Before proceeding to the fourth step, the ALJ determined Henderson has the RFC to perform a full range of light work.[3] (Tr. at 13-15). At the fourth step, the ALJ determined Henderson is not able to perform his past relevant work. (*Id.* at 15-16).

If the claimant is unable to perform his past relevant work, the Commissioner must finally determine whether the claimant is capable of performing other work that exists in substantial numbers in the national economy in light of the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v) and (g)(1), 416.920(a)(4)(v) and (g)(1). If the claimant is capable of performing other work, the Commissioner will find the claimant is not disabled. *Id.* at §§ 404.1520(a)(4)(v) and (g)(1), 416.920(a)(4)(v) and (g)(1). If the claimant is not capable of performing other work, the Commissioner will find the claimant is disabled. *Id.* at §§ 404.1520(a)(4)(v) and (g)(1), 416.920(a)(4)(v) and (g)(1).

At the fifth step, considering Henderson's age, education, work experience, and RFC, the ALJ determined there are jobs that exist in significant numbers in the

---

[3] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and may require "a good deal of walking or standing . . . or . . . involve[] sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b) and 416.967(b). A claimant must be able to do substantially all of these activities to be considered capable of performing a full range of light work. *Id.* at §§ 404.1567(b) and 416.967(b).

5

national economy that Henderson can perform and that Medical-Vocational Rule 202.14 directed a finding of "not disabled." (Tr. at 16). Therefore, the ALJ concluded Brown is not disabled. (*Id.* at 16-17).

### III. Standard of Review

Review of the Commissioner's decision is limited to a determination of whether that decision is supported by substantial evidence and whether the Commissioner applied correct legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). A district court must review the Commissioner's findings of fact with deference and may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Rather, a district court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (internal citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A district court must uphold factual findings supported by substantial evidence, even if the preponderance of the evidence is against those findings. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (citing *Martin v.*

*Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

A district court reviews the Commissioner's legal conclusions *de novo*. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## IV. Discussion

On appeal, Henderson argues the ALJ improperly discredited his testimony regarding his pain and other subjective symptoms. (Doc. 14).

A claimant may establish disability through testimony of pain or other subjective symptoms. *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991). To do so, he must satisfy the three-part "pain standard," by showing (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain or other subjective symptoms arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged pain or other subjective symptoms. *Id.*; *see also Taylor v. Acting Comm'r of Soc. Sec. Admin.*, 2019 WL 581548, at *2 (11th Cir. 2019) (citing *Dyer*, 395 F.3d at 1210); 20 C.F.R. § 416.929; SSR 16-3p. A claimant's subjective testimony supported by medical

7

evidence that satisfies the pain standard is sufficient to support a finding of disability. *Brown*, 921 F.2d at 1236 (citing *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986); *Landry v. Heckler*, 782 F.2d 1551, 1552 (11th Cir. 1986)). An ALJ may discredit a claimant's testimony regarding his pain or other subjective symptoms provided he clearly articulates explicit and adequate reasons for doing so. *Brown*, 921 F.2d at 1236; *Taylor*, 2019 WL 581548, at *2 (citing *Dyer*, 395 F.3d at 1210).

In a pain questionnaire and function report submitted with his DIB and SSI applications, Henderson indicated he has difficulty walking, can only walk ten feet before he has to rest for between fifteen and twenty minutes, and uses a wheelchair and a walker. (*Id.* at 240-49). During the hearing before the ALJ, Henderson testified he can walk no more than half of a city block before he has to stop and rest, has difficulty squatting, cannot kneel or crawl, and can carry no more than two or three pounds for one-third of a day. (*Id.* at 88-91). He testified that on an average day his leg pain is a seven out of ten on an ascending pain scale. (*Id.* at 88). He testified that on a bad day the pain is a ten and he has between three and five bad days per month. (*Id.*).

The ALJ determined Henderson's medically determinable impairments could reasonably be expected to produce his alleged symptoms but that Henderson's statements concerning the intensity, persistence, and limiting effects

8

of the symptoms are not entirely consistent with the medical and other evidence. (*Id.* at 15). The ALJ articulated three reasons for discrediting Henderson's statements regarding his symptoms: (1) Henderson's medical records, which lack corroborating medical opinions, do not substantiate his complaints, (2) Henderson's daily activities are not as limited as would be expected for someone with disabling symptoms and limitations, and (3) there is evidence Henderson stopped working for reasons not related to his alleged impairments. (*Id.*).

Henderson challenges the ALJ's credibility determination on a variety of grounds. Implied in one of those grounds is the argument that the record does contain medical opinions and the ALJ erred in failing to state and explain the weight given to those opinions. (Doc. 14 at 19-21).

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [a claimant's] symptoms, diagnosis and prognosis, what [a claimant] can still do despite impairment(s), and [a claimant's] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(1), 416.927(a)(1); *see also Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (holding treating physician's treatment notes, which included description of claimant's symptoms, a diagnosis, and a judgment about the severity of claimant's impairments, were medical opinions to which the ALJ was required to assign a

9

particular weight and explain reasons for doing so).[4]

An ALJ must state with particularity the weight given to medical opinions and the reasons for doing so. *Winschel*, 631 F.3d at 1179 (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). Moreover, an ALJ must give the medical opinions of treating physicians "substantial or considerable weight," absent clearly articulated good cause. *Id.* (internal quotation marks omitted). An ALJ's failure to clearly articulate the weight assigned to a medical opinion is an error that requires reversal and remand. *See McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 962 (11th Cir. 2015) ("In the absence of [a clear articulation of the weight given different medical opinions], it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence[,]" and " 'we will decline to affirm simply because some rationale might have supported the ALJ's conclusion.'" (quoting *Winschel*, 631 F.3d at 1179)).

Here, the ALJ stated there was no opinion evidence for consideration. (Tr. at 15). Contrary to the ALJ's assertion, the record does contain opinion evidence. The ALJ did discuss records of Dr. Mark Leberte, an orthopedic surgeon who treated Henderson's lower right extremity fracture, and seems to have given

---

[4] Sections 404.1527 and 416.927 apply to claims filed before March 27, 2017. *See* §§ 404.1527 and 416.927; *see also* 82 Fed. Reg. 5844-01 (Jan. 18, 2017) (noting revisions to rules regarding evaluation of medical evidence are effective as of March 27, 2017); 82 Fed. Reg. 15132-01 (same). Henderson filed his claims on March 2, 2015. (Tr. at 100-101).

considerable weight to his most recent record from January 2016, noting his physical examination of Henderson revealed adequate range of motion in the ankle, a callus formation at the fracture site, and no tenderness and that imaging showed good healing of the fracture. (*Id.* at 14-15, 457). However, the ALJ did not discuss or state the particular weight given to other medical opinions contained in the record. For example, in an August 2015 radiology report, Dr. E.L. Mollohan, whose practice provided pain management treatment to Henderson between August 2015 and June 2016, interpreted imaging of Henderson's lower right extremity to show severe osteoarthritis of the right ankle joint. (*Id.* at 521). Other of Dr. Mollohan's records include a diagnosis of chronic pain and document limited range of motion in Henderson's right ankle and knee. (*Id.* at 534, 536).

The ALJ's failure to state and explain the weight given to the medical opinions contained in the record, based on an incorrect determination there was no opinion evidence to consider, is in and of itself an error that requires reversal and remand to the Commissioner for further consideration. *See McClurkin*, 625 F. App'x at 962.[5] Moreover, because this error infected the ALJ's evaluation of Henderson's testimony regarding his symptoms, the ALJ's decision to discredit that testimony is not supported by substantial evidence.

---

[5] Given this error warrants reversal and remand to the Commissioner for further consideration, it is not necessary to address Henderson's remaining assignments of error.

11

## V. Conclusion

Having reviewed the administrative record and considered all of the arguments presented by the parties, the undersigned find the Commissioner's decision is not in accordance with applicable law or supported by substantial evidence. Therefore, the decision is due to be reversed and remanded for further consideration. A separate order will be entered.

**DONE** this 24th day of April, 2019.

_/s/ Staci G. Cornelius_
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE